```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                          Plaintiff,                          REPORT AND
                                                              RECOMMENDATION
        - against -
                                                              CV 09-3569 (ADS) (AKT)
RANKIN INDUSTRIES LTD.,
dba ACCURATE PROTECTION SYSTEMS,
MARTIN RANKIN,

                          Defendants.
----------------------------------------------------------X
```

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

This matter has been referred to the undersigned by District Judge Spatt for an inquest on damages, attorney's fees, and costs to be awarded, if any, following entry of a default judgment against Defendants Rankin Industries Ltd. and Martin Rankin (collectively "Defendants"). DE 10.  Plaintiff requests that the Court enter judgment in the amount of $473,578.60, representing the amount due from Defendants on an outstanding Small Business Administration ("SBA") promissory note, plus interest in the amount of $69.63 per day.  DE 7.  Plaintiff further requests an order directing Defendant to reimburse Plaintiff for costs in the amount of $320.00. DE 5.  Plaintiff has not requested an award of attorney's fees.

It is axiomatic that "the court must ensure that there is a basis for the damages specified in a default judgment, [and] it may, but need not, make the determination through a hearing." *Lanzafame v. Diamond Exterior Restoration Corp.*, No. 04-CV-4951, 2006 WL 2265054, at *3 (E.D.N.Y. Aug. 8, 2006) (quoting *Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 156

(S.D.N.Y.1988)). Plaintiff is charged with the burden of establishing its entitlement to recovery. *See Clague v. Bednarski*, 105 F.R.D. 552 (E.D.N.Y.1985).

Local Civil Rule 55.2, which mirrors the language of Fed.R.Civ.P. 55(b)(1), states:

> Upon issuance of a clerk's certificate of default, if the claim to which no response has been made only sought payment of a sum certain, and does not include a request for attorney's fees or other substantive relief ... the moving party may request the clerk to enter a default judgment, by submitting an affidavit showing the principal amount due and owing, not exceeding the amount sought in the claim to which no response has been made, plus interest, if any, computed by the party, with credit for all payments received to date clearly set forth, and costs, if any, pursuant to 28 U.S.C. § 1920.

The Court finds that Plaintiff has complied with Local Rule 55.2. With respect to damages, Plaintiff submitted three declarations in support of its request for entry of a default judgment from Special Assistant United States Attorney William Young, along with supporting documentation (DE 6, 11, 12, 13). The declarations and supporting documentation establish that the principal amount ("Principal") of the promissory note on the date it was executed was $483,000.00. DE 12 ¶ 3, DE 12, Ex. 1.

In its Complaint, Plaintiff sought $471,078.00 in damages for the Principal due on the note, which was the amount due as of August 13, 2009, the date of the Complaint. *See* DE 1 ¶ 9, DE 12 ¶ 6, DE 12, Ex. 3. However, in its motion for a default judgment, Plaintiff sought a Principal amount of $473,578.60, which represented the amount due at the time of the filing of the motion. DE 7, DE 12, Ex. 4. As explained in the declaration of Plaintiff's counsel, the increase of $2500 in the amount of Principal due from the date of the filing of the Complaint to the date of the filing of the motion for default is the result of payment of an invoice for an

2

appraisal report for 400 Wyandanch Avenue, West Babylon, New York – a property on which the SBA had a second mortgage of $483,000 given by Black Pearl Real Estate Holdings LLC (borrower on the Note for which Rankin Industries Ltd. dba Accurate Protection Systems is listed as the Operating Company). DE 12 ¶ 8; DE 12, Exs. 1, 5. The terms of the note allow for such a payment to be added to the Principal amount due on the note. DE 12 ¶ 8, DE 12, Ex. 1 ¶ 9(B). Thus, the Court finds that the Principal amount due on the note is $473, 578.60.

Plaintiff also seeks interest on the Principal amount due at a rate of $69.63 per day up to the date of judgment. DE 7. The interest rate as stated in the SBA Note itself is 5.39531% per annum. DE 12 ¶ 5; DE 12, Ex. 2. Multiplying the Principal owed at the time of filing of the Complaint ($471,078.60) by this rate, and then dividing by 365 days, yields a sum of $69.63 accruing in interest per day.[1] Under the terms of the note, interest began to accrue on the "Funding Date," which was April 11, 2007. *See* DE 12, Ex. 1, ¶ 3; DE 12, Ex. 2. Plaintiff calculated the accrued interest owed as of April 19, 2010 to be $18,087.68. This sum represents $69.63 per day up to April 19, 2010, minus payments previously made by Defendants that had been applied to the interest accrued. DE 13 ¶ 3; DE 14, Ex. 1. The default was entered by Judge Spatt on May 15, 2010. Thus, between April 19, 2010 and May 15, 2010, an additional $1,810.38 in interest accrued, bringing the total interest due on the note to $19,898.06 as of May 15, 2010.

---

[1] Plaintiff did not include the additional $2500 appraisal amount in its calculation of interest and there is no indication in the note itself that interest should accrue on any expenses added to the principal. Thus, this Court does not find that interest can be assessed on the $2500 appraisal fee.

Plaintiff has also submitted a request for costs in the amount of $320.00 representing filing fees, service of process fees and docket fees. DE 5. I have examined Plaintiff's request for costs and find that it is reasonable, and thus it is respectfully recommended to Judge Spatt that costs be awarded in the total amount of $320.00. *See Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064, 2005 WL 2476264, at *9 (E.D.N.Y. Oct. 7, 2005) (awarding costs consisting of process server fees, filing fee and investigative expenses); *Kingvision Pay-Per-View Ltd. v. Cazares*, No. 05 Civ. 2934, 2006 WL 2086031, at * 6 (E.D.N.Y. July 26, 2006).

Therefore, it is respectfully recommended that a default judgment be entered against Defendants as follows:

| | |
|---|---|
| Principal Amount: | $473,578.60 |
| Interest at 5.39531% per annum from April 11, 2007 through May 15, 2010, excluding amounts already paid by Defendants | $19,898.06 |
| <u>Sub-total</u> | $493,476.66 |
| Costs and Disbursements: | |
|     Filing Fees | $150.00 |
|     Service of Process | $150.00 |
|     Docket Fees | $20.00 |
| <u>Sub-total</u> | $320.00 |
| **Total:** | **$493,796.66** |

I further recommend that post-judgment interest be awarded, to be calculated and assessed under 28 U.S.C. § 1961.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed.R.Civ.P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Arthur D. Spatt, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), cert. denied, 522 U.S. 883, 118 S.Ct. 211, 139 L.Ed.2d 147 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir.1996).

Counsel for Plaintiff is directed to serve a copy of this Order on Defendants forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
       February 25, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge